United States Court of Appeals,

Fifth Circuit.

No. 94-10302

Summary Calendar.

Johnny Logan HICKS, Petitioner-Appellant,

v.

Wayne SCOTT, Director, Texas Department of Criminal Justice, Institutional Division, Respondent-Appellee.

Oct. 13, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Johnny Hicks appeals the denial of his petition for writ of habeas corpus for procedural default in the state courts. Because Hicks failed to raise his *Batson* claim on direct appeal in state court, we affirm.

I.

In 1985, Hicks was convicted by a state jury of aggravated robbery. In 1986, the Texas Court of Criminal Appeals affirmed the conviction, 722 S.W.2d 257. Hicks filed petitions for writs of habeas corpus in June 1990 and February 1992. In October 1990, the Court of Criminal Appeals cited Hicks for abuse of the writ.

Thereafter Hicks filed a federal habeas petition asserting that the Court of Criminal Appeals had failed to consider whether a venireman had been improperly excused in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); it

1

was dismissed for failure to exhaust state remedies in March 1993. Hicks did not appeal but filed a third habeas petition in state court raising the *Batson* issue; the court refused to take any action on the application because it did not satisfy the requirements for consideration given the October 1993 order citing him for abuse of the writ.

In his second federal habeas petition, Hicks asserted, *inter alia,* the alleged *Batson* violation. In its response, the state asserted that the petition should be dismissed for failure to make the claim in state court, at the time of the state trial or while the state appeal was in progress in the state court of appeals and the Court of Criminal Appeals; that Hicks was aware that a "Batson-type claim" might be available during the voir dire examination; and that his failure to raise it in the state trial or appellate courts amounted to procedural default.

The magistrate judge determined that Hicks had satisfied the exhaustion requirement, but the magistrate judge's report and recommendation did not address squarely the procedural default issue and examined, instead, the questions of whether Hicks failed to raise the *Batson* claim in state appellate court and whether the state court had an obligation to do so *sua sponte.* The federal district court did not address the abuse-of-the-writ disposition resulting from Hick's return to state court to exhaust the *Batson* claim.

Concluding that Hicks had not raised the *Batson* issue on direct appeal, the magistrate judge recommended denial of Hick's

2

petition. Over Hick's objections, the district court adopted the findings of the magistrate judge and denied the petition.

## II.

A federal court may not grant a habeas petition unless the petitioner "has exhausted the remedies available in the courts of the state, or [ ] there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b) (1988). A petitioner is generally not considered to have exhausted state remedies within the meaning of subsection (b) if "he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (1988). In interpreting the exhaustion requirement, the Supreme Court has held that a petitioner generally need not utilize state habeas corpus or other state collateral proceedings to satisfy the requirement that he exhaust the available state remedies. *Brown v. Allen,* 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953). Where the petitioner urges an issue he failed to raise on direct appeal, however, he must use available state collateral procedures to satisfy the exhaustion requirement. *Wade v. Mayo,* 334 U.S. 672, 677, 68 S.Ct. 1270, 1273, 92 L.Ed. 1647 (1948).

Hicks failed to raise the *Batson* claim on direct appeal in the Court of Criminal Appeals. *Batson* was decided on April 30, 1986, while Hicks's case was pending in the state court of appeals, which did not actually issue its opinion until December 31, 1986.

3

Nor did petitioner raise a claim flowing from the exclusion of black veniremen under *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), on direct appeal. Accordingly, he had a duty to exhaust state habeas remedies before turning to the federal courts.

Federal review of a habeas claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar. *Harris v. Reed,* 489 U.S. 255, 261, 109 S.Ct. 1038, 1042, 103 L.Ed.2d 308 (1989). The issue before this court is whether a state "abuse of the writ" doctrine, which precludes state collateral consideration of issues not raised on direct appeal, constitutes such a procedural bar.

The Texas abuse-of-the-writ doctrine precludes Texas courts from granting habeas writs where the petitioner has failed, without cause, to address the same issue on direct appeal or in a previous petition. Set forth in *Ex parte Dora,* 548 S.W.2d 392, 393-94 (Tex.Crim.App.1977), the doctrine allows the court, after finding that petitioner has abused the writ, to refuse to accept or file the habeas petition absent a showing of cause that the contention could not have been raised in the prior proceeding.

Hicks was cited for abuse of the writ by the Court of Criminal Appeals on October 31, 1990. The court stated: "It is obvious applicant is continuing to raise issues which have been presented and rejected or should have been presented on appeal and in his prior applications." *Ex parte Hicks,* No. 5,988-08, at 2.

4

Accordingly, the court held that "applicant's contentions have been waived and abandoned by his abuse of the writ of habeas corpus." *Id.* (citing *Ex parte Bilton,* 602 S.W.2d 534 (Tex.Crim.App.1980); *Dora* ). The court extended the finding of abuse of the writ to "any future applications seeking to challenge the instant conviction or any prior convictions used to enhance the punishment assessed," absent a showing of good cause. *Id.*

On March 23, 1993, Hicks finally filed a state habeas petition asserting his *Batson* claim. Pursuant to the Court of Criminal Appeals's prior finding of abuse of the writ, the state court took no action on the petition and thereby rested on an adequate and independent state law ground, the Texas abuse of the writ doctrine.

The Texas abuse of the writ doctrine, as stated by the courts and as applied to Hicks, bars review of both issues that were not raised on direct appeal and issues that were not raised in prior state habeas petitions. This court and other circuits have held the first type of procedural bar to be an adequate and independent state ground for purposes of finding procedural default. *See, e.g., Wilcher v. Hargett,* 978 F.2d 872 (5th Cir.1992), *cert. denied,* --- U.S. ----, 114 S.Ct. 96, 126 L.Ed.2d 63 (1993); *Booker v. Wainwright,* 764 F.2d 1371 (11th Cir.1985).

In *Wilcher,* we addressed the issue of how regularly a state rule must be followed for it to constitute a procedural bar. We reversed the district court's dismissal of a habeas petition on the ground that the Mississippi courts had not regularly and strictly asserted a procedural bar to claims not raised on direct appeal.

5

The Texas courts have a history of regular application of the abuse of the writ doctrine,[1] excepting only cases where the issue in question "could not reasonably have been raised in previous applications, and presents important questions of law which should be resolved." *Choice,* 828 S.W.2d at 5 n. 1.

A federal court can review a procedurally defaulted habeas claim if the petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom. *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). To excuse his procedural default relating to the *Batson* claim, Hicks "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.*

Hicks has made no showing of prejudice and has not demonstrated a substantive basis for a *Batson* claim. Five black veniremen were excluded at trial. Hicks did not object to the exclusion of four of them, challenging only that of the fifth, Williams.

A claim under *Batson* cannot be asserted on appeal where the defendant did not object at trial, as Hicks did not with regard to the first four. *See, e.g., Wilkerson v. Collins,* 950 F.2d 1054,

---

[1]*See, e.g., Ex parte Choice,* 828 S.W.2d 5 (Tex.Crim.App.1992); *Ex parte Emmons,* 660 S.W.2d 106 (Tex.Crim.App.1983); *Ex parte Stuart,* 653 S.W.2d 13 (Tex.Crim.App.1983); *Ex parte Bilton,* 602 S.W.2d 534 (Tex.Crim.App.1980); *Dora.*

1063 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1992). The fifth, Williams, was successfully challenged for cause by the prosecution because of absenteeism.

Williams was nowhere to be found when the jury was called into the courtroom to be sworn in. Nor was he present at 9:00 a.m. the next day. At 9:25 a.m., the judge proceeded without Williams. At about 11:00 a.m., Williams appeared in court pursuant to an attachment that had been issued the day before, when he was first discovered missing. The state objected to Williams on the basis that he had missed the court's instructions and the state's initial voir dire, and the objection was sustained by the court. *Batson* is inapplicable to an exclusion for cause in a case such as this, where a venireman's erratic behavior and absences have inconvenienced the court and where the reasons for the exclusion appear on the face of the record.

AFFIRMED.